UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **TONYA KAY PARKER,** | ) |
| **Plaintiff,** | ) |
| vs. | ) CASE NO. 5:14-CV-1863-SLB |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion to Dismiss Plaintiff's Complaint, (doc. 7),[1] which she contends should be treated as a Motion for Summary Judgment, (*id*. at 1 n.1). Plaintiff, Tonya Kay Parker, filed this action against defendant, Carolyn W. Colvin, Acting Commissioner of Social Security, seeking review of the Commissioner's final decision denying her claim for disability benefits. (*See* doc. 1 at 2.) The Commissioner has moved to dismiss this action as untimely filed. (Doc. 7-1 at 1, 5-8.) Upon consideration of the record, the submissions of the parties, and the relevant law, the court is of the opinion that defendant's Motion to Dismiss, (doc. 7), is due to be granted.

On July 23, 2014, the Appeals Council sent Parker notice of its decision denying her request for review. (Doc. 7-3 at 18.) In its notice, the Appeal Council told Parker of her right to ask the district court to review the decision denying her claim for benefits:

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

> If you disagree with our action, you may ask for court review of the Administrative Law Judge's decision by filing a civil action.
>
> If you do not ask for court review, the Administrative Law Judge's decision will be a final decision that can be changed only under special rules.
>
> . . .
>
> You may file a civil action (ask for court review) by filing a complaint in the United States District Court for the judicial district in which you live. The complaint should name the Commissioner of Social Security as the defendant and should include the Social Security number(s) shown at the top of this letter.
>
> . . .
>
> • You have 60 days to file a civil action (ask for court review).
>
> • The 60 days start the day after you receive this letter.  We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
> • If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file.  You must have a good reason for waiting more than 60 days to ask for court review.  You must make the request in writing and give your reason(s) in the request.

(*Id*. at 19-20.)  Parker filed her Complaint in this court on September 30, 2014.  (Doc. 1.)

Parker had 65 days, or until September 26, 2014, to file her Complaint.  Her Complaint, filed on September 30, 2014, was untimely filed.  The Commissioner moved to dismiss Parker's Complaint on January 15, 2015.  (Doc. 7.)  On February 3, 2015, Parker filed her Response to Defendant's Motion to Dismiss, Parker concedes that her Complaint was filed 69 days following the Appeals Council's decision.  (Doc. 8 at 1.)  Also, she states she had filed a request for an extension of the deadline for filing her Complaint and asked

the court to "delay[ ] any ruling on the Defendant's Motion to Dismiss until such time as the Appeals Council grants or denies the Plaintiff's Request for Extension of Time to file a civil action." (*Id*. at 2.) In the extension request, Parker's counsel told the Appeals Council:

> On July 23, 2014, the Appeals Council denied further review of the above claimant's claim. The claimant was represented by another representative until the Appeals Council denied review. After the Appeals Council denied review, the claimant contacted me about representing her in a federal court appeal of her claim. I initially met with the claimant on September 15, 2014. She did not have a copy of the Appeals Council's decision at our appointment on September 15, 2014.
>
> I received the ALJ decision from the claimant's previous representative on September 17, 2014. I evaluated the merits of the claimant's appeal. I had scheduled a follow up appointment with the claimant on September 23, 2014. The claimant was unable to attend because of sickness. The claimant's sixteen month old child . . . was sick for several days with a stomach virus. The claimant missed a 2nd appointment with my office on September 29, 2014. Finally, the claimant was able to make her appointment with me on September 30, 2014. I considered asking the Appeals Council for a 30 day extension of time. However given the time limits to file the claimant's Complaint and my previous difficulty in getting the Appeals Council to act on other requests for extensions of time, I filed the Complaint without asking the Appeals Council for an extension. I filed her federal court complaint the same day. The complaint was filed 69 days after the Appeals Council denied review.

(Doc. 8-1 at 1.) On February 4, 2015, the day after Parker requested an extension, that Appeals Council denied her request; it stated:

> In this instance, a civil action would have been timely had it been filed on or before September 26, 2014. You did not request additional time until after that date. Considering all of the circumstances, the Appeals Council does not believe that "good cause" to grant additional time has been established in this case; accordingly, the Appeals Council denies this request for additional time to file a civil action in this matter.

(Doc. 9-1 at 1.)

The parties do not dispute that the Complaint was filed after the deadline for filing established by 42 U.S.C. 405(g).[2]  The reasons for the late-filing are also not disputed.

The decision of the Appeals Council " not to extend the sixty-day statute of limitations of 42 U.S.C. § 405(g) for filing in the district court is not subject to judicial review." *Stone v. Heckler*, 778 F.2d 645, 649 (11th Cir. 1985), *quoted in Waller v. Comm'r of Soc. Sec.*, 168 Fed. Appx. 919, 920-21 (11th Cir. 2006)("As an initial matter, to the extent Waller challenges the decision of the AC not to grant an extension, that decision is not subject to judicial review.  In *Stone v. Heckler*, 778 F.2d 645 (11th Cir. 1985), we held the AC's decision not to grant an extension was not subject to judicial review and stated 'a Social Security claimant should not rely upon the possibility of an administrative extension of time' and allowing judicial review 'would allow claimants to frustrate the Congressional intent to forestall belated litigation of stale eligibility claims.' *Id*. at 648 (quotations, alteration, and

---

[2]"Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within ***sixty days*** after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g).

citation omitted).").[3]  Therefore, the court finds, without dispute, that Parker's Complaint was untimely filed and is due to be dismissed as a matter of law.[4]

## CONCLUSION

For the foregoing reasons, the court is of the opinion that there are no material facts in dispute and the Commissioner is entitled to judgment as a matter of law.  An Order granting the Commissioner's Motion to Dismiss Plaintiff's Complaint will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 28th day of November, 2016.

*[signature: Sharon Lovelace Blackburn]*

SHARON LOVELACE BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it.  ***Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority***." 11th Cir. R. 36-2 (emphasis added).

[4] Parker does not assert that she is entitled to have the statute of limitations equitably tolled.